UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 16-22870-CIV-DPG

ROGER GARCIA,
    Plaintiff,
v.
JIA LOGISTICS, INC., *et al.*,
    Defendants.
_____/

## DEFENDANTS' RENEWED MOTION FOR SUMMARY JUDGMENT

Defendants (JIA Logistics, Inc.—hereinafter, "JIA Logistics" and Candis Lopez), by and through their undersigned counsel, file this Renewed Motion for Summary Judgment. A separate Statement of Undisputed Material Facts was filed with the original Motion and is cited to as ("Facts ¶ ___"), and a supplemental statement of facts is cited as ("Supp. Facts ¶ ___"), which is filed contemporaneously herewith. The Defendants incorporate into this document their previously filed motion for summary judgment and reply, so as to not restate certain things already in the summary judgment record. Defendants' state:

## PRELIMINARY STATEMENT

This is a case in which the Plaintiff drove a large rig for the corporate Defendant (the "vast majority" of the time he worked) solely in Florida, but consisting of interstate shipments, including of hazardous materials. Although the vast majority of the time he drove the large rig, occasionally he drove a van which was much smaller than the big rig. The Defendants filed a comprehensive Motion for Summary Judgment, but the Court's reasons for denying it were: 1) there is a split of authority as to whether an individual who drives a big rig, if they occasionally drive a smaller vehicle, whether they are non-exempt for the week in which they drive a smaller vehicle (one weighing less than 10,001 lbs.), and the Court found that the record was unclear whether the Plaintiff drove the van for an "insubstantial time" or not and 2) that there was an

1

uncertainty in the Court's mind as to whether the Plaintiff drove hazardous materials in the smaller van (if he did, he would be exempt from overtime). [D.E. 40]. Under the Technical Corrections Act, if the Plaintiff drove hazardous materials while driving the smaller van, he is exempt from overtime. [D.E. 40]. The Court found that it was not entirely clear from the record whether the Plaintiff drove hazardous materials while driving the van (if Plaintiff was driving hazardous materials in the van, it does not matter how insubstantial or not Plaintiff drove the van, he is exempt from overtime). This is because the Technical Corrections Act states, as follows:

> (a) APPLICABILITY FOLLOWING THIS ACT.—Beginning on the date of enactment of this act [June 6, 2008], § 7 of the Fair Labor Standards Act of 1938 (29 U.S.C. § 207) shall apply to a covered employee notwithstanding § 13(b)(1) of that Act [the Motor Carrier Exemption]
>
> (b) COVERED EMPLOYEES DEFINED.—In this section, the term 'covered employee' means an individual—
>
> (1) Who is employed by a motor carrier or private carrier (as such terms are defined by § 13102 of Title 49 of United States Code, as amended by § 305);
>
> (2) Whose work, in whole or in part, is defined-
>
> (A) As that of a driver, driver's helper, loader, or mechanic; and
>
> (B) As affecting the operation of motor vehicles weighing 10,000 pounds or less in transportation on public highways in interstate or foreign commerce, *except vehicles*—
>
> (i) Designed or used to transport more than eight passengers (including the driver) for compensation;
>
> (ii) Designed or used to transport more than 15 passengers (including the driver) and not used to transport passengers for compensation; or
>
> (iii) *Used in transporting material found by the Secretary of Transportation to be hazardous* under § 5103 of Title 49, United States Code, and transported in a quantity requiring placarding under regulations prescribed by the Secretary under § 5103 of Title 49, United States; and
>
> (3) Who performs duties on motor vehicles weighing 10,000 pounds or less.

Pub.L. No. 110–244 Title III, § 305 (2008) (emphasis added).  The Defendants have submitted herewith evidence that the Plaintiff routinely, when he drove the van, transported hazardous materials as defined by § (b)(2)(B)(iii), and therefore his driving the van clearly constitutes exempt work, and summary judgment should be granted for the Defendants.  (Supp. Facts ¶¶ 1-3).

It is helpful to start with what the Court held as to both vehicle weight and hazardous materials:

### A.  Vehicle Weight

Plaintiff argues that, pursuant to the TCA, he is covered under the FLSA, because he occasionally drove the van which weighed less than 10,000 pounds.  There appears to be a split among courts addressing the issue of employees who worked mixed fleets with both commercial motor vehicles (weighing over 10,000 pounds) and non-commercial vehicles (weighing 10,000 pounds or less).  Some courts have held that "the MCA Exemption still applies so long as the employee spends more than a '*de minimus*' amount of time driving a commercial vehicle in interstate commerce."  *Rehberg v. Flowers Baking Co. of Jamestown, LLC,* 162 F. Supp. 3d 490, 509 (W.D.N.C. 2016).  *See also Twiddy v. Alfred Nickles Bakery, Inc.*, No. 5:14CV02053, 2017 WL 1199167 at *5 (N.D. Ohio, Mar. 31, 2017) (reviewing cases).  However, many courts, including this Court and the only circuit court to have directly considered the issue, have held that a driver is covered under the FLSA if he spends part of a week driving a smaller vehicle.  *See McMaster v. Eastern Armored Services, Inc.*, 780 F.3d 167, 170 (3d Cir. 2015) (holding that a driver/guard who drove half of her trips on vehicles weighing less than 10,000 pounds worked "in part" on smaller vehicles and therefore was a "covered employee" under the TCA); *Twiddy*, 2017 WL 1199167 at *6; *Rojas v. Garda*, No. 13-23173, 2015 WL 5084135 at *5 (S.D. Fla. Aug. 28, 2015) (finding genuine issues of material fact as to whether plaintiffs worked "in part" on vehicles weighing less than 10,000 pounds); *Gordilis v. Ocean Drive Limousines, Inc.*, No. 12-24358, 2015 WL 1858380 at *3 (S.D. Fla. 2015) (finding genuine issue of material fact as to the amount of time the plaintiffs worked on smaller vehicles); *Aikins v. Warrior Energy Services Corp.*, No. 6:13-cv-54, 2015 WL 1221255 at *6 (S.D. Tex. Mar. 17, 2015).

The tricky issue is determining how much time a driver must spend in a smaller vehicle to be considered a covered employee under the TCA.  The TCA does not define "in part."  The Third Circuit, when addressing the issue, declined to set forth a strict definition of the phrase.  *See McMaster*, 780 F.3d

3

at 170 ("We need not now affix a firm meaning to the term 'in part.' Whatever 'in part' means, it is certainly satisfied by McMaster, who spent 49% of her day on vehicles less than 10,000 pounds."). Some courts suggest that for a driver to be a covered employee he "must perform some meaningful work for more than an insubstantial time with vehicles weighing 10,000 pounds or less." *Aikins*, 2015 WL 1221255 at *6 (quoting *Lucas v. NOYPI, Inc.*, No. 11-11-1940, 2012 WL 4754729 at *9 (S.D. Tex. Oct. 3, 2012)).

This Court, like the Third Circuit in *McMaster*, finds that, at this juncture, it need not define "in part." Whether it means more than *de minimus* or "more than insubstantial," the record provides very little concrete evidence on the amount of time Plaintiff spent driving the van in relation to the trucks. The patchy record consists of Plaintiff's declaration and deposition testimony, Lopez's affidavit, and a few additional documents. There is no documentation indicating which days and/or weeks Plaintiff drove the van. Defendants assert, and Plaintiff did not disagree, that Plaintiff drove the van, at most, one or two times per month. *Lopez Aff.* at ¶ 4. Plaintiff agreed that "the vast majority of the time" he drove the truck. *Plaintiff Dep.* at p. 34, ln. 1-5. These statements, without more, are insufficient for the Court to make a finding as to the amount of time the Plaintiff worked on the van in any given week. There might have been a week where Plaintiff drove the van two out of five days. There might have been weeks where Plaintiff never drove the van. There simply is no way for the Court to ascertain, based on the record before it, whether Plaintiff's use of the van was sufficient to make him a covered employee.

### B. Hazardous Materials

Defendants also contend that because Plaintiff transported hazardous materials the TCA does not apply. The TCA excludes from the definition of "covered employees" drivers who handled certain types and quantities of hazardous materials. The Court finds there are genuine issues of material fact as to the exact nature and quantity of the goods Plaintiff transported in any given week. See § 360(a). Again, the record in this case is sparse. Without more the Court cannot grant summary judgment based on this issue. Accordingly, the Court finds genuine issues of material fact as to whether the TCA applies based on the transportation of hazardous materials.

[D.E. 40 at pp. 8-10].

At this juncture, the Defendants can now set forth evidence precisely as to how many times the Plaintiff drove the van (which exact days) and whether or not he was transporting hazardous materials (and what type of HAZMAT) on those days he drove the van. The Plaintiff

4

seeks recovery for the time period: relatively early in the year 2014 through November 2015. [D.E. 17]. During that period of time, the corporate Defendants' records indicate that the Plaintiff drove the van on the following days: August 12, 2014, October 16, 2014, December 15, 2014, February 12, 2015, March 24, 2015, April 1, 2015, May 19, 2015, July 17, 2015, September 10, 2015, September 28, 2015, October 12, 2015, and November 3, 2015. (Facts Supp. ¶¶ 1-3). The corporate Defendant's records also show that Plaintiff drove hazardous materials in the van on the following dates: October 16, 2014, December 15, 2014, March 24, 2015, April 1, 2015, May 19, 2015, July 17, 2015, September 28, 2015, and October 12, 2015, or 8 out of the 12 times that the Plaintiff drove the van. (Facts Supp. ¶¶ 1-3). For the days indicated, Plaintiff drove the van that entire day, and did not have drive the rig at all those days. (Facts Supp. ¶ 1-3).

The Court expressed interest in knowing just what the hazardous materials are that the Plaintiff drove, and thus that is set forth herein, as follows: he drove hundreds of pounds of firearm cartridges, drums of petroleum distillates, non-flammable liquids, flammable hair products, etc. (Supp. Facts ¶¶ 1-11). Moreover, it is the Defendants contention that 1) the amount of time that Plaintiff drove the van was not substantial enough to evade the applicability of the exemption; but 2) if Plaintiff's time in the van could be considered to be more than "insubstantial time", he is exempt because when he drove the van he regularly drove hazardous materials.

The Affidavit of Candis Lopez sets forth that the Plaintiff more often than not while driving the van transported HAZMAT regulated by the federal government, which requires the conclusion that the Plaintiff is exempt from overtime. (Supp. Facts ¶¶ 1-11). There is no reason to waste the Court's time and the Plaintiff's time to try a case which does not have any triable

5

issues. Accordingly, the Defendants respectfully request that the Court grant summary judgment in their favor. Ms. Lopez is also entitled to summary judgment because her individual liability is derivative to that of the corporate Defendant's. *Zarate v. Jamie Underground, Inc.*, 629 F. Supp. 2d 1328 (S.D. Fla. 2009); *Rodriguez v. Marble Care Int'l, Inc.*, 2011 WL 918634 (S.D. Fla., Mar. 15, 2011).

## CONCLUSION

For the foregoing reasons, summary judgment is warranted for Defendants.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 2, 2017, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record (Allyson Morgado, Esq.) or *pro se* parties identified on the attached service list in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel of parties who are not authorized to receive electronically Notices of Electronic Filing.

    Respectfully submitted,

    Glasser & Kleppin, P.A.
    Attorneys for Defendant
    8751 W. Broward Blvd.
    Suite 105
    Plantation, FL 33324
    Tel. (954) 424-1933
    Fax (954) 474-7405
    E-mail: ckleppin@gkemploymentlaw.com

    By___s/Chris Kleppin_____
        Chris Kleppin
        Fla. Bar No. 625485